Adam I. Gafni, Cal. Bar No. 230045
**GAFNI & LEVIN LLP**
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com

Attorneys for Plaintiff, PETER KREDENSER

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KREDENSER,<br><br>             Plaintiff,<br><br>       v.<br><br>SHARETV, INC., A NEVADA CORPORATION, "KATIEBAR," AND DOES 1-20<br><br>             Defendants. | Case No.: **'17 CV 2552 LAB NLS**<br><br>**COMPLAINT FOR DIRECT AND SECONDARY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

    Plaintiff, PETER KREDENSER, ("Kredenser" or "Plaintiff") by and through his attorneys of record, files this Complaint against Defendants SHARETV, INC., a Nevada Corporation ("ShareTV"), "KATIEBAR" and DOES 1-20 (collectively, "Defendants") as follows:

## I.    **THE PARTIES**

    1.    Plaintiff is an acclaimed and sought-after editorial/advertising professional photographer who is well known in the entertainment industry. Many of Plaintiff's images, including those at issue in this action, are of iconic actors, television shows, or movies.

2.     Plaintiff's photographs are copyrighted images to which he owns all rights and title. Plaintiff has at all relevant times resided within the County of Los Angeles.

3.     Defendant ShareTV is a Nevada corporation that is headquartered and based in San Diego, California. ShareTV is a for profit corporation that asserts it attracts approximately 3 million visitors per month and currently has over half a million registered users. Visitors to ShareTV can watch episodes of television series, view and upload clips and images of television shows, and participate in discussion forums among other interactive online actions.

4.     Plaintiff is informed and believes that ShareTV and its agents operate, manage, curate, moderate, and edit the website www.sharetv.com, an interactive entertainment website to promote ShareTV's entertainment offerings and otherwise attract viewers to its website. Plaintiff is informed and believes that ShareTV generates revenue based upon the number of users, viewers, views, and sustained activity and engagement by viewers on its website through advertisements it displays to visitors, pay-per click advertising, views, and solicitations to advertisers to pay it directly for such, or indirectly through Google Adwords or Adsense type advertising campaigns.

5.     Plaintiff is unaware of the true name of the defendant "Katiebar" who is a member on ShareTV, and which ShareTV after screening her, has empowered as a moderator who acts with actual, implied and ostensible authority and agency for ShareTV on the platform, including through the uploading of images, communicating with users, and approving and editing the site. Plaintiff is informed and believes that Katiebar has been a member of ShareTV since January 31, 2013, and has posted over 8,000 times on ShareTV who has had actual and constructive knowledge of her posts. ShareTV has ratified, authorized or consented to the conduct of its moderators, so-called "Gurus" and their posts.

COMPLAINT FOR DIRECT AND SECONDARY COPYRIGHT INFRINGEMENT

6.     Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 20 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as direct infringers, secondary infringers, independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe defendants and the known identified Defendants are referred to hereinafter collectively as "Defendants."

7.     Plaintiff is informed that the Doe Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incited liability therefore. At some unknown time, the Defendants, or some of them, entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. The actions described below were taken in furtherance of such conspiracy. Plaintiff is informed and believes that the Defendants aided and abetted each other in the wrongful acts alleged herein and that each of the Defendants acted for personal gain or in their own financial benefit of their own financial advantage in doing the acts alleged below.

## II.     <u>JURISDICTION AND VENUE</u>

8.     This action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringements in violation of the United States Copyright Act of 1976, 17 U.S.C § 101 et. seq. (the "Copyright Act"). This action arises under the provision of the Copyright Act of the United States, as

amended, 17 U.S.C §§ 106 & 501 and is for infringement of copyrights registered with the Copyright Office of the United States.

9. ***Subject Matter Jurisdiction.*** This action arises under the Copyright Act, 17 U.S.C. § 101, et seq. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and§ 1338(a). The court also has subject matter jurisdiction over the state claims under 28 U.S.C. § 1367 as they are so related to the copyright claims that they form part of the same case or controversy action

10. ***Venue.*** Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and § 1400(a).

11. ***Personal Jurisdiction.*** Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because they either reside in California or the wrongful activity at issue concerns Defendants' operation of commercial businesses through which Defendants regularly and systematically, knowingly solicit, transact business and enter into contracts with individuals in California, including within the County of San Diego. Plaintiff is further informed and believes that the Defendants after obtaining actual or constructive knowledge that their activities would cause harm to Plaintiff in California continued in their activities and knowingly caused harm to Plaintiff in California, including but not limited to causing the infringements to occur and be distributed to persons in California and the County of Los Angeles.

## III.   <u>FACTUAL ALLEGATIONS</u>

12. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

13. Plaintiff created the two (2) photographs at issue in this case and registered them with the United States Copyright Office with the following group registration number and name: VA 1-30-756, Moonlighting (collectively, the

"Photographs"). Exemplars of the photographs as used and displayed by ShareTV are shown in Exhibit "1" attached hereto and incorporated by reference.

14.   Plaintiff was issued a Certificate of Registration for the registered Photographs. The Photographs consist of material original to Plaintiff and each is copyrightable subject matter entitled to copyright protection. Plaintiff is the owner of all right, title, and interest in and to the Photograph.

15.   Plaintiff is informed and believes that the Defendants, including ShareTV, own, manage, and control the commercial website www.sharetv.com (the "Website").

16.   Plaintiff personally took the Photographs of the cast of the television show "Moonlighting." Plaintiff was never an employee of ABC Network. The Photographs were not works for hire.

17.   As the sole owner of the copyrighted Photographs, Plaintiff holds the exclusive rights to reproduce, publicly distribute, and display the Photographs pursuant to 17 U.S.C. § 106 and 501.

18.   Plaintiff incurred substantial time and expense in creating the Photographs.

19.   Under the Copyright Act, 17 U.S.C. §101, et seq., Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photographs. (17 U.S.C. §§ 106(1), (3), (5) and 501.)

20.   Within the last three years, Defendants without Plaintiff's consent or a license to do so copied/reproduced, uploaded/downloaded, or caused to be uploaded/downloaded, publicly displayed, and distributed the Photographs on the Website in multiple locations.

21.    Within the last three years, Plaintiff (through his representative) discovered that the Photographs had been unlawfully and without permission been copied, uploaded, publicly displayed, offered for distribution, and distributed by

Defendants, inter alia, to and through the Websites, controlled and operated by Defendants, including ShareTV.

22.    Plaintiff is informed and believes that in and around 2015, Defendants prominently copied/reproduced, uploaded/downloaded, publicly displayed and distributed the Photograph when it added the Photograph as the primary/main photograph for the Moonlighting "page" on the Website and the character David Addison.

23.    Plaintiff is informed and believes that he could not have discovered the infringing conduct prior to Defendants altering and uploading the Moonlighting page as described above and that his lack of knowledge of the infringing activity until that moment was reasonable.

24.    Plaintiff is informed and believes that the Photographs were used to support and promote Defendants' Website and all services, offers, promotions, discussion boards, and community groups offered therein.

25.    Upon discovery and thereafter, Plaintiff (through his authorized representative) provided actual notice to ShareTV, including providing the information that Plaintiff was the copyright owner of the Photograph, Plaintiff's residence was within Los Angeles, and the URLs where the Photographs were being infringed.

26.    The Website was not protected by the DMCA when the notice of infringement was sent.

27.    Within the last three years, Plaintiff discovered that Defendants have unlawfully copied, displayed, and distributed his registered Photograph without a license or consent on its commercial Website.

28.    Plaintiff is informed and believes that Defendants, without authorization or permission from Plaintiff, unlawfully copied/reproduced, uploaded/downloaded, or caused to be uploaded/downloaded, publicly displayed,

COMPLAINT FOR DIRECT AND SECONDARY COPYRIGHT INFRINGEMENT

and distributed the Photographs to a global audience on the World Wide Web via the Websites.

29.     The Photographs were clearly displayed as advertisement images for the Moonlighting television show webpages on the Website. ShareTV used these images to advertise its airing of the television show.

30.     Plaintiff is informed and believes that Defendants commenced use of the Photographs after the Photographs were registered with the United States Copyright Office.

31.     At all relevant times, Defendants did not have a license or permission to use, display, distribute, copy, and/or reproduce the Photographs.

## IV.     FIRST CLAIM FOR RELIEF FOR DIRECT COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. §§ 106 and 501
### (Against All Defendants)

32. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

33. Plaintiff owns all rights, titles, and interest in and to the copyright for the Photograph, the use of which has never been licensed to Defendants.

34. Under Section 106 of the Copyright Act, as amended, 17 U.S.C. §§ 106 and 501 *et. seq.*, Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute, and publicly display the Photograph.

35. Within the last three years, Plaintiff discovered that Defendants, without Plaintiff's permission, consent or authority, copied/reproduced, uploaded/downloaded, or caused to be uploaded/downloaded, publicly displayed, and distributed, or made available for distribution, and/or facilitated the unauthorized distribution of the Photographs on the Website (and all related URLs) and potentially other locations, including all mobile or equivalent/alternative means of internet electronic display/distribution.

36. Plaintiff is informed and believes that the Photographs were uploaded by Defendant Katiebar and thereafter ShareTV personnel and Defendants approved, ratified and consented to Katiebar doing such. Defendants have continued to distribute, and publicly display the Photographs to their users among others.

37. Defendants have misappropriated Plaintiff's copyrights in the Photographs through the copying/reproducing, uploading/downloading or causing to be uploaded/downloaded, display, publication, and/or distribution of the images on the Website.

38. Defendants misappropriated Plaintiff's copyright in the Photographs with actual and/or constructive knowledge that the Photograph at issue did not belong to Defendants; and that Defendants did not have consent and/or a license to use the Photographs in the manner in which it was used. Defendants thereby willfully engaged in unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted Photographs.

39. Plaintiff is informed and believes that Defendants' acts of infringement were ongoing, willful, intentional, and purposeful, and/or with reckless disregard of and indifference to Plaintiff's rights because Defendants knew or recklessly failed to know that they did not have the right to use the Photographs in the manner in which they did.

40.    Plaintiff is informed and believes that Defendants' unlawful copying/reproduction, uploading/downloading, or causing to be uploaded/downloaded, public display, and distribution of the Photographs to a global audience on the World Wide Web via the Website constitutes direct copyright infringement.

41. Defendants' acts constitute willful direct copyright infringement in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. sections 106 et. seq. and 501 et. seq.)

42. Defendants' willful infringements have caused irreparable damage to Plaintiff for which he has no adequate remedy of law.

43. Defendants' unlawful use of copies of Plaintiff's original Photographs has diminished the value of the original Photographs by distributing and encouraging redistribution of the Photographs without identify them as being the exclusive property of Plaintiff.

44. Defendants' unlawful acts have interfered with and undermined Plaintiff's ability to market Plaintiff's own original Photographs, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

45. As a direct and proximate result of Defendants' infringement, Plaintiff was damaged and is entitled to his actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b). Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) with respect to each work infringed or such other amounts as maybe proper under 17 U.S.C. §504(c). Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. §505.

46. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff, for which he has no adequate remedy of law.

## V.  SECOND CLAIM FOR RELIEF FOR SECONDARY COPYRIGHT INFRINGEMENT OF THE PHOTOGRAPH

### (Contributory, Vicarious, and Inducement Infringement)
### (Against Defendant ShareTV and Doe Defendants)

47. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

48. Plaintiff is informed and believes that ShareTV and Doe Defendants have had actual or constructive knowledge (including by virtue of the nature of the materials, cease and desist communications, and other sources of knowledge) of the infringing activity on its site, including that its users, moderators (including

"Katiebar") and others had engaged in repeated instances of infringing activity. Plaintiff is informed and believes that ShareTV has willfully turned a blind eye to the infringing conduct rampant on its Website.

49. Plaintiff is informed and believes that Defendant ShareTV and the Defendants had the capacity and opportunity to control the images copied/reproduced, uploaded/downloaded, publicly displayed, and distributed on the Website and continue to have such capacity.

50. Defendant ShareTV has, and has had, the right and ability to control infringing conduct that occurred or is occurring on the Website and has reasonable and simple effective means of removing or disabling access to infringing images copied/reproduced, uploaded/downloaded, publicly displayed, and distributed on the Website.

51. Plaintiff is informed and believes that Defendant ShareTV is the dominant influence on the activities of Defendants; that it has the power to control their actions involved in the infringing activities herein, determined the policies which resulted in the infringement and otherwise acted, consented, directed or ratified the infringing activity.

52. Plaintiff is informed and believes that Defendant ShareTV obtained profit from its rampant copyright infringement on its Website and the activities alleged herein on the Website, including by acting as a draw to users and advertisers, including and/or attempted to and has derived, or have continuously attempted or intended to derive, a direct financial benefit from the infringing use of the Photographs.

53. Plaintiff is informed and believes that Defendant ShareTV including through the acts of its agents, induced users/members of its Website to copy/reproduce, upload/download, publicly display, and distribute copies of Plaintiff's copyrighted Photographs and engage in copyright infringement.

54. Plaintiff is informed and believes that Defendant ShareTV provides its users with a service in which ShareTV encourages copyright infringement. ShareTV provides its users with numerous guides regarding the copying, uploading, downloading, distribution, and public displaying of images and photographs on ShareTV which its users or agents obtain from other websites without any license. One such guide instructs users explicitly that copying the image from Google "is insufficient" "in most cases" and that users instead "should go to the original site and rip the image from there." ShareTV employs tools on its user editing page that search Google and other search engines for images for its users to "rip," which are obviously copyrighted images, without regard to license rights.

55. Plaintiff is further informed and believes that the published best practices on ShareTV's Website regarding the use of unauthorized images includes "get the biggest image possible…and crop it…and let our system reduce it."

56. Plaintiff is informed and believes that ShareTV incentivizes its users "ripping" images from other websites, and publishes, authorizes and ratifies guides teaching them how to do so, and counsel's them on how to avoid getting caught.

57. Plaintiff is informed and believes that ShareTV encouraged, solicited, and assisted users and its moderators to infringe copyrighted works for the benefit of its commercial Website. Defendant ShareTV performed these acts in order to enhance the value of the Website.

58. On the Website, Defendant ShareTV promotes, at least, television shows released in the last 30 years through the present day, and includes television shows currently airing on national television and in syndication. Such television shows having been produced, distributed, advertised, and transmitted by major television networks and film studios, including, but certainly not limited to, ABC, NBC, and HBO and include such well-known entities and products that it would be

objectively obvious to ShareTV and any reasonable person that the material it solicited and has published was copyrighted and not licensed to random members of the public.

59. Plaintiff is informed and believes that Defendant ShareTV has failed in any way to impose a process, filter, or other mechanism by which to prevent copyright infringement on its Website despite the actual reasonable and constructive knowledge that it is rampant.

60. Plaintiff is informed and believes that Defendant ShareTV generates revenue from its Website based on advertisements and thus profits from increased traffic and activity on the Website, which is enhanced by the quality, number, and availability of the copyrighted images displayed on the Website.

61.  Defendant ShareTV is not entitled to protection from liability under the DMCA safe harbors provisions of 17 U.S.C § 512, for the infringements identified herein as, inter alia, ShareTV was not registered with the DMCA at the time infringement occurred.

62. As a direct and proximate result of Defendants' failure and refusal to control and prevent the infringing activity, Defendants have infringed Plaintiff's copyrights in the Photographs as set forth above. Defendants' conduct constitutes vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photograph in violation of the Copyright Act, 17 U.S.C. §106 and §501.

63. Plaintiff is informed and believes that, by the actions alleged above, Defendants knowingly encouraged, assisted, enabled, induced, facilitated, caused, and/or materially contributed to each act of infringement, including but not limited to those downstream users that viewed and/or downloaded the images online.

64. Defendants' conduct constitutes contributory and inducement copyright infringement of Plaintiff's exclusive rights in the Photographs, in violation of 17 U.S.C. §§ 106 and 501.

COMPLAINT FOR DIRECT AND SECONDARY COPYRIGHT INFRINGEMENT

65. As a direct and proximate result of Defendants' infringement, Plaintiff was damaged. Plaintiff is entitled to his actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b). Alternatively, at Plaintiffs election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c) with respect to each work infringed or such other amounts as maybe proper under 17 U.S.C. § 504(c). Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

66. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff, for which he has no adequate remedy of law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For Plaintiff's actual damages and Defendants' profits.

2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants' as a result of their willful and unlawful conduct.

3. For statutory damages under the Copyright Act.

4. For prejudgment interest.

5. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

   a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

b.  the seizure of all property made in, or used to assist in the, violation of Plaintiffs exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photograph, all domains and all servers and other computer equipment used to publish, broadcast or archive the Photograph.

6. For attorneys' fees and costs; and

7. For such other and further relief as this Court deems just and appropriate.

Dated: December 21, 2017                    GAFNI & LEVIN LLP


                                            By: /s/ Adam I. Gafni
                                            Adam I. Gafni
                                            Attorneys for Plaintiff
                                            Peter Kredenser


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: December 21, 2017                    GAFNI & LEVIN LLP


                                            By:  /s/ Adam I. Gafni
                                            Adam I. Gafni
                                            Attorneys for Plaintiff
                                            Peter Kredenser

COMPLAINT FOR DIRECT AND SECONDARY COPYRIGHT INFRINGEMENT

EXHIBIT 1

Case 3:17-cv-02552-LAB-NLS    Document 1    Filed 12/22/17    PageID.16    Page 16 of 20

SHARE**TV**®

Search TV, Movies and Celebs ...    [ Search ]

Browse   Schedule   Updates



# Moonlighting

## 180 Fans   - Add to My Shows

The top model Maddie Hayes was betrayed by her investment adviser who flew with all her money to South-America. All the unfaithful manager has left Maddie is her house, her unbelievable beauty and intelligence and the run-down detective-agency "City Angels" (renamed to Blue Moon)

| | |
|---|---|
| **Type** | Scripted |
| **Premiered** | Mar. 03, 1985 |
| **Status** | Canceled/Ended |
| **Runtime** | 60 min. |
| **Country** | USA |

**Network**      **Genre**

abc      - comedy
           - drama
           - mystery
           - romance

We Do More Than Shipping. We can print and bind your documents, online and in-store at 4,300 locations. Start online printing The UPS Store

### Also Watch



**The Rockford Files**

Main   Videos   Episode Guide   **Characters**   Updates   Discuss

**Characters:** #2 of 4 (**Full List**)   [ Previous ]   [ Next ]



**Madelyn 'Maddie' Hayes**
Add to My Characters

**10 Fans**

**Played by:**



**Cybill Shepherd**
Cybill Shepherd, former beauty queen and model, rebounded from a disastrous early career in motion pictures ...



**Remington Steele**

**Character Bio**



[No description found for this character]

Castle

Top Contributors

## Episode Screenshots


Season 3, Episode 15


Season 2, Episode 10


Season 5, Episode 03


Season 1, Episode 01

**[More Episodes]**



**Madelyn 'Maddie' Hayes Photos**    powered by Google™

      

Previous | Next   (8)

Previous: David Addison Jr.    Next: Agnes DiPesto



Home    About Us    News    Contact Us    Privacy    Sitemap

**TV Shows**
Browse All Shows
Watch TV
New Episodes
Networks

**Schedule**
My Schedule
TV Schedule
Countdown
Premiere Guide
Local Listings

**Community**
Forum
Games
Top Members
Points

**Movies**
Browse Movies
Now Playing
New Releases

**Celebrities**
Who's Hot Now
TV Celebrities
Movie Celebrities

**Registered Users**
426,421
**Users Online**
3,452

ShareTV ® - The Online Television Community



Search TV, Movies and Celebs ...    Search

Browse    Schedule    Updates    News    



# Moonlighting

## 200 Fans    - Add to My Shows

The top model Maddie Hayes was betrayed by her investment adviser who flew with all her money to South-America. All the unfaithful manager has left Maddie is her house, her unbelievable beauty and intelligence and the run-down detective-agency "City Angels" (renamed to Blue Moon)

| Type | Scripted |
|------|----------|
| Premiered | Mar. 03, 1985 |
| Status | Canceled/Ended |
| Runtime | 60 min. |
| Country | USA |

| Network | Genre |
|---------|-------|
|  | - comedy |
| | - drama |
| | - mystery |
| | - romance |

BUILD & PRICE

SEARCH INVENTORY

Main    Videos    Episode Guide    **Characters**    Updates    Discuss

Characters: #1 of 4 (Full List)    Previous    Next



**David Addison Jr.**
Add to My Characters

**23 Fans**

**Played by:**

**Bruce Willis**
Walter Bruce Willis (born March 19, 1955) is an American actor, producer, and singer. His career began ...

## Character Bio

[No description found for this character]



**Episode Screenshots**

### Also Watch



Remington Steele



Hardcastle & McCormick



Magnum, P.I.



The Rockford Files


Season 4, Episode 07


Season 3, Episode 09



Ralphs Fresh food. Low prices.

$4.77 lb
WITH CARD

Bone-In Ribeye Roasts
or Boneless New York
Roasts

Valid until Dec. 26

View Weekly Ad


Season 4, Episode 12


Season 1, Episode 01

**[More Episodes]**

Quincy, M.E.

## Top Contributors

  

**David Addison Jr. Photos**

powered by Google™

Loading...



Previous | Next   (1)

**Next:** Madelyn 'Maddie' Hayes

Report Advertisement

 

WATCH EL CLÁSICO. DEC. 23RD - 7:00 AM/ET    ONLY ON beIN SPORTS    Available on dish

Report Advertisement



# TV Shows
Browse All Shows
Watch TV
New Episodes
Networks

# Schedule
My Schedule
TV Schedule
Countdown
Premiere Guide
Local Listings

# Community
Forum
Games
Top Members
Points

# Movies
Browse Movies
Now Playing
New Releases

# Celebrities
Who's Hot Now
TV Celebrities
Movie Celebrities

## Registered Users
503,408

## Users Online
1,993

ShareTV ® - The Online Television Community

